UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.

LISA SANDOR,

    Plaintiff,

v.

STONELEIGH RECOVERY ASSOCIATES, LLC, and MAIN STREET ACQUISITION CORP.,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF ACTION

1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

### PARTIES

4.    Plaintiff, Lisa Sandor ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Broward, and City of Pembroke Pines.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Stoneleigh Recovery Associates, LLC, ("Stoneleigh") is a limited liability company that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Stoneleigh Recovery Associates, LLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant, Main Street Acquisition Corp. ("Main Street") is a corporation that acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

9. Main Street Acquisition Corp. is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Stoneleigh, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

12. Stoneleigh uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13. Main Street purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

14. Main Street acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

15. Main Street is thoroughly enmeshed in the debt collection business, and Main Street is a significant participant in Stoneleigh's debt collection process.

16. In connection with the collection of an alleged debt in default (the "Debt"), Defendant Stoneleigh, itself and on behalf of Defendant Main Street, sent Plaintiff initial written communication dated April 30, 2012, and in such communication, provided Plaintiff with the notices required by 15 U.S.C. § 1692g et seq. *See* Correspondence, attached hereto as Exhibit "A."

17. In its April 30, 2012 initial written communication, and before the notices required by 15 U.S.C. § 1692g et seq. were provided, Stoneleigh stated in relevant part(s), as follows:

> "At this time, no attorney has personally reviewed the particular circumstances of your account. However, if you fail to contact this office and make arrangements to pay your account, this matter will be returned to our client who then may forward it to a local attorney for the purpose of filing suit. If you have any interest in avoiding this action and possible further expenses, please pay your balance or call this office as soon as possible to make arrangements to pay your account."

18. Stoneleigh's April 30, 2012 initial written communication would lead the least sophisticated consumer to believe that unless contact was made with Stoneleigh to make payment arrangements prior to the expiration of the initial thirty (30) day dispute period, additional charges would be assessed and a lawsuit would be filed, overshadowing the disclosures required pursuant to 15 U.S.C. § 1692g(a) et seq. during the initial thirty (30) day dispute period.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692g(b)**
**DEFENDANT STONELEIGH**

19. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 19.

20. Stoneleigh violated 15 U.S.C. § 1692g(b) by overshadowing the disclosures required pursuant to 15 U.S.C. § 1692g(a) et seq., during the thirty-day dispute period, including threatening to take action against Plaintiff within said period and disclaiming the validity of the disclosures in the same communication.

21. Main Street, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Stoneleigh, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Stoneleigh violated 15 U.S.C. § 1692g(b);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT II**
**VIOLATION OF 15 U.S.C. § 1692g(b)**
**DEFENDANT MAIN STREET**

22. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 19.

23. Stoneleigh violated 15 U.S.C. § 1692g(b) by overshadowing the disclosures required pursuant to 15 U.S.C. § 1692g(a) et seq., during the thirty-day dispute period, including threatening to take action against Plaintiff within said period and disclaiming the validity of the disclosures in the same communication.

24. Main Street, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Stoneleigh, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Main Street violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

25. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 7th day of September, 2012.

                                Respectfully submitted,
                                **LISA SANDOR**

                                By: s/Alex D. Weisberg
                                    Alex D. Weisberg
                                    FBN: 0566551
                                    WEISBERG & MEYERS, LLC
                                    ATTORNEYS FOR PLAINTIFF
                                    5722 S. Flamingo Rd, Ste. 656
                                    Cooper City, FL 33330
                                    (954) 212-2184
                                    (866) 577-0963 fax
                                    aweisberg@attorneysforconsumers.com